Robert E. Barnes, Esq., SBN: 235919
Keobopha Keopong, Esq., SBN: 280737
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:   (310) 510-6211
Facsimile:   (310) 510-6225
E-mail:   robertbarnes@barneslawllp.com
E-mail:   keokeopong@barneslawllp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT PARTY, and WILLIAM LUSSENHEIDE,<br><br>    Plaintiffs,<br><br>   v.<br><br>ALEJANDRO "ALEX" PADILLA, in his official capacity as Secretary of State of California,<br><br>    Defendant. | Case No.: 2:16-cv-00316-WBS-CKD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William B. Shubb<br>Hearing Date: April 18th, 2016<br>Hearing Time: 1:30 p.m.<br>Hearing Location: Courtroom 5, 14th Floor |

COME NOW, Plaintiffs Independent Party and William Lussenheide, by and through their undersigned counsel, Robert E. Barnes, and hereby file this Notice of Motion and Motion for Preliminary Injunction. Said motion is based upon the files and records of this case, together with the contemporaneously filed Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, the Declaration of Charles Deemer in Support of Plaintiffs' Motion for Preliminary Injunction, and the Declaration of Richard Winger in Support of Plaintiffs' Motion for Preliminary Injunction.

DATED:  March 15, 2016               Respectfully submitted

                                                            BARNES LAW

                                                            /s/ Robert E. Barnes
                                                            Robert E. Barnes, Esq.
                                                            Attorney for Plaintiffs

Robert E. Barnes, Esq., SBN: 235919
Keobopha Keopong, Esq., SBN: 280737
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:   (310) 510-6211
Facsimile:    (310) 510-6225
E-mail:   robertbarnes@barneslawllp.com
E-mail:   keokeopong@barneslawllp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT PARTY, and WILLIAM LUSSENHEIDE<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO "ALEX" PADILLA, in his official capacity as Secretary of State of California<br><br>Defendant. | Case No.: 2:16-cv-00316-WBS-CKD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William B. Shubb<br>Hearing Date: April 18th, 2016<br>Hearing Time: 1:30 p.m.<br>Hearing Location: Courtroom 5, 14th Floor |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, Independent Party and William Lussenheide (collectively, "Plaintiffs"), respectfully submit this Memorandum of Law in support of their Motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 231, to order Defendant Alejandro Padilla, the Secretary of State of California (hereinafter "Defendant"), to recognize the Independent Party as a political body for the purpose of obtaining a tally of its registered voters before the tally deadline for the primary election, to determine its ability to qualify as a political party for the upcoming presidential election. The next feasible deadline to obtain tallies from the counties, pursuant to California Election Code section

2187(d)(3), is May 24, 2016. This would allow enough time for the Independent Party to determine the number of its registered voters and to obtain more if necessary before the registration period deadline on July 8, 2016, pursuant to California Election Code section 2187(d)(4). Thus, a preliminary injunction is critical and essential to the protection of Plaintiffs' First and Fourteenth Amendment rights.

**PRELIMINARY STATEMENT**

Plaintiffs in this case are the Independent Party, a political party headquartered in California that seeks political body status to obtain a tally of its registered voters to officially participate in the upcoming 2016 Presidential general election with its own column on the official ballot for the general election, and William Lussenheide, a resident of California who wishes to express and associate his support of the Independent Party by placing it on the California ballot for the upcoming presidential election. Defendant Alejandro Padilla, in his official capacity as the Secretary of State of California, ignored decades of precedent in both state and federal courts in California and throughout the United States, when he chose to misapply California Elections Code Section 5001 and deny the Independent Party political body status merely because he believed their name was too similar to the name of an already existing party.

Because the law on this matter is guided and reinforced by clear California and federal precedent, and as Plaintiffs' free speech, voting and associational rights will be irreparably harmed by the Secretary's ballot exclusionary act, Plaintiffs seek a hearing on and granting of their Motion to order the Secretary of State to allow the Independent to obtain official political body status so they may obtain a tally of registered voters in time before the July 8, 2016 registration deadline. This would give enough time to the Independent Party to obtain more voters, if necessary, to register before that July 8 registration deadline, for the purpose of qualifying as a political party.

## STATEMENT OF FACTS

The Independent Party was formed to make it possible for candidates who wish to be identified as "independent candidates" to be able to run for office with the label, "Independent." (*Declaration of Charles Deemer* ("Deemer") at ¶ 3) California law formerly allowed independent candidates to have "independent" as their party label; however, because of Proposition 14, the state forces these candidates to have the ballot label "Party preference: none" on the primary and general election ballots. (Deemer at ¶ 4) If the Independent Party was recognized as a political body and was able to obtain a tally of its registered voters in time to become ballot-qualified, then candidates could register into it and if they ran, their ballot label would state, "Party preference: Independent." *Id*.

With this goal in mind, on February 24, 2015, Charles Deemer, the State Chairman of the Independent Party, submitted an official notice of intent to qualify the Independent Party as a political body in California per Section 5001 of the California Election Code. (Deemer at ¶ 5) However, on March 26, 2015, Deirdre Avant from Voter Services replied to Mr. Deemer, stating that the official notice does not meet the requirements of Elections Code Section 5001 because "Independent Party" is too similar to the name of the existing party, "American Independent Party." (Deemer at ¶ 6) On or about May 8, 2015, Plaintiff Independent Party challenged in writing Defendant Padilla's assertion that the Independent Party's name is too similar to that of the existing American Independent Party, citing a multitude of case law and referencing decisions of the previous Secretary of State of California in support of its claim. (Deemer at ¶ 7) Despite the clear precedent in Plaintiffs' favor, on or about July 14, 2015, Defendant Padilla again denied Plaintiff's request stating again that the proposed name ("Independent Party") is too similar to that of the existing American Independent Party. (Deemer at ¶ 8) On or about July 27, 2015, Plaintiffs, through their then-counsel, protested Defendant Padilla's denial of the Independent Party's qualification as a political party with a letter supported by examples and case law, to which no response was received. (Deemer at ¶ 9) On or about December 16, 2015, Plaintiffs, through their counsel, yet again protested Defendant Padilla's continued denial of the Independent Party as a political body, to which no response has been received. (Deemer at ¶ 10) As of the date of this filing, Defendant continues to deny Plaintiff Independent Party's political body status,

and thus denies its ability to qualify as an official political party for the purposes of placing its candidate on the ballot in the upcoming presidential election.

This preliminary injunction to recognize the Independent Party as a political body is necessary to allow the Independent Party to obtain a tally of its registered voters before the last tally deadline for the primary election on May 24, 2016 to determine whether it needs more voters to register before the voter registration deadline on July 8, 2016.

## LEGAL ARGUMENT

A preliminary injunction should be granted if Plaintiffs show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiffs if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiffs, and (4) advancement of the public interest (in certain cases)." *Rodde v. Bonta*, 375 F.3d 988, 994 (9th. Cir. 2004). Alternately, the Court should grant injunctive relief wherever Plaintiffs demonstrate "a combination of probable success on the merits and the possibility of irreparable injury" or "that serious questions are raised and the balance of hardships tips sharply in their favor." *Id*. All these factors strongly counsel in favor of this Court's granting the Motion for preliminary injunction. The probability of success is high, as is the possibility of irreparable injury.

Similarly, this case raises serious questions and the balance of hardships tips heavily in Plaintiffs' favor. The regulation of ballot access involves fundamental First Amendment rights. *See Anderson v. Celebrezze*, 460 U.S. 780 (1983) ("*Anderson*"). Restrictions by state officials are particularly suspect "in the context of a Presidential election" where "state imposed restrictions implicate a uniquely important national interest." *Anderson* at 781.

"Generally, in a First Amendment challenge, a plaintiff who meets the first prong of the test for a preliminary injunction will almost certainly meet the second, since irreparable injury normally arises out of the deprivation of speech rights." *ACLU v. Reno*, 217 F.3d at 180 (internal citations and quotations omitted) ("*Reno*"). Even the most state-friendly federal appellate courts recognize that exclusion from the ballot implicates fundamental First and Fourteenth Amendment rights. *Duke v.*

4

*Smith*, 13 F.3d 388 (11th Cir. 1994) (striking down as unconstitutionally vague a law that empowered a state actor to exclude candidate from the Presidential ballot).

"As the Supreme Court has clearly stated, 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Reno* at 180, quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Similarly, in *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876 (3d Cir. 1997), the Third Circuit held that the irreparable injury prong was met because "if the plaintiffs lack an adequate opportunity to gain placement on the ballot . . . this infringement on their rights cannot be alleviated after the election." *Id.* at 883.

I.      **Plaintiffs are Likely to Succeed on the Merits of Their Claims.**

        **A. Precedent in Both California and Across the Nation favors the Plaintiffs.**

Plaintiffs are likely to succeed on the merits of their claims because the Secretary's wrongful application of California Election Code Section 5001 flies in the face of decades of clear precedent on the issue, in both state and federal courts in California and throughout the United States.

First, courts in California and throughout the United States have long been in agreement that two political parties may share a particular word in their names without causing voter confusion. The instant matter here is no different. In 1896, the California Supreme Court permitted the "National Democratic Party" to be on the ballot despite the prior existence of the "Democratic Party." *Craig v. Brown*, 114 Cal. 480 (1896). In 1975, the 5th Circuit Appellate Court permitted the "National Democratic Party" to be on the Mississippi ballot while the "Democratic Party" was already on the ballot. *Riddell v. National Democratic Party*, 508 F.2d 770 (5th Cir. 1975). In 2000, the Supreme Court of Minnesota allowed the "Reform Party" and "Reform Party of Minnesota" to appear on the same ballot, finding that the possibility of confusion was not so great as to warrant a court order to change a party designation. *Scofield v. Kiffmeyer*, 620 N.W.2d 24 (2000). In 2002, the Oregon Appellate Court found that an Oregon law forbidding two parties from sharing one particular word in their names violated the First Amendment of the U.S. Constitution, thus permitting the "Freedom Socialist Party" to

be on the ballot, even though the "Socialist Party" was already on the ballot. *Freedom Socialist Party v. Bradbury*, 48 P.3d 199 (2002).

Second, forty-four (44) other states have permitted, each at least once, two parties that used a common word in their names on the same ballot. In a very similar situation to the instant matter, Alaska qualified a political party called "Republican Moderate Party" while the "Republican Party of Alaska" was already qualified. In fact, a candidate from that Republican Moderate Party was even elected to the state legislature in 2002.

Third, the previous California Secretary of State, Debra Bowen, took a contrary approach during a similar scenario in 2011. Secretary Bowen permitted "Americans Elect" to qualify as a party in 2011, while the "American Independent Party" was already on the ballot. In fact, many of Mr. Padilla's predecessors, as California's Secretary of State, have permitted other political bodies with the word "American" in their names to qualify as political bodies while the American Independent Party had been a qualified political party.

Last, to deny the Independent Party political body status merely because it describes itself with the word "independent" is unjust, unreasonable, and effectively grants the American Independent Party exclusive use of the word "independent," which is broadly and frequently used in the political culture.

**B. The Secretary's Wrongful Application of the California Election Code Violates Plaintiffs' First Amendment Rights.**

Restrictions on access to the ballot burden two distinct and fundamental rights: "The right of individuals to associate for the advancement of political beliefs" and "the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968) Access restrictions also implicate the right to vote because absent recourse to referendums, "voters can assert their preferences only through candidates or parties or both." *Lubin v. Panish*, 415 U.S. 709, 716 (1974).

"There can no longer be any doubt that freedom to associate with others for the common advancement of political beliefs and ideas is a form of orderly group activity protected by the First and Fourteenth Amendments. The right to associate with the political party of one's choice is an integral part of this basic constitutional freedom." *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973). "Any interference with the freedom of a party is simultaneously an interference with the freedom of its adherents." *Democratic Party of U.S. v. Wisconsin ex rel. La Follette*, 450 U.S. 107, 122 (1981).

By limiting the choices available to voters, the State impairs the voters' ability to express their political preferences. As the Supreme Court previously held in another case concerning a state law preventing a third party's access to the ballot, "an election campaign is a means of disseminating ideas as well as attaining political office." *Illinois Bd. of Elections vs. Socialist Workers Party*, 440 U.S. 173, 186. When such vital individual rights are at stake, a state must establish that its classification is necessary to serve a compelling interest. *See Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008). Thus, "even when pursuing a legitimate interest, a state may not choose means that unnecessarily restrict constitutionally protected liberty." *Kusper v. Pontikes*, 414 U.S. 51, 59 (1973).

Here, the Secretary's wrongful application of California Elections Code 5001 and denial of the Independent Party's application for political body status for the purposes of placing its name on the ballot for the upcoming presidential election violates not only the Independent Party's First Amendment right to associate for the advancement of its political beliefs, but also denies its supporters, such as Mr. Lussenheide, their right to cast their votes effectively in the upcoming Presidential election.

**C. The Secretary's Wrongful Application of the California Election Code Violates the Equal Protection Rights of the Plaintiffs.**

The Equal Protection Clause of the Fourteenth Amendments reads in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction equal protection of the laws."

Equal protection protects against the unlawful administration by state officers of a state statute fair on its face, resulting in unequal application to those who are entitled to be treated alike. To be a "class of one," a plaintiff alleging an equal protection violation must establish (1) he was intentionally treated differently from others similarly situated and (2) there was no rational basis for any such difference. When unnecessary restrictions on the field of candidates thus limit the voter's freedom of choice, the effectiveness of a right to vote is substantially impaired.

The Supreme Court noted that a "burden that falls unequally on new or small political parties or on independent candidates impinges, by its very nature, on associational choices protected by the First Amendment. It discriminates against those candidates and – of particular importance – against those voters whose political preferences lie outside the existing political parties." *Anderson* at 794-795. Such restrictions are particularly suspect "in the context of a Presidential election" where "state imposed restrictions implicate a uniquely important national interest." *Anderson* at 781. The voters outside the state's borders have a heightened interest, impacting their rights to vote and expressive association, while the state enjoys a "less important interest" than would be the case in elections limited to within its borders. *Id*. Any such restriction "places a significant state-imposed restriction on a nationwide electoral process." *Anderson* at 795. The combination of an independent candidate – unlikely protected and most likely discriminated against by major party provincialism in state politics – and a national election for the country's only national office renders the state interest "minimal" and the voter's interest in freedom of choice and association "unquestionably" more important. *Id* at 806.

In the present case, the decades of precedent in both California and nationwide, along with the decision of the previous California Secretary of State regarding the Americans Elect Party, show conclusively that the Independent Party was treated differently from others similarly situated and that there was no rational basis for the difference. *See Craig v. Brown*, 114 Cal. 480 (1896); *Riddell v. National Democratic Party*, 508 F.2d 770 (5th Cir. 1975); and *Scofield v. Kiffmeyer*, 620 N.W.2d 24 (2000); *Freedom Socialist Party v. Bradbury*, 48 P.3d 199 (2002).

II. **Plaintiffs Have No Remedy Available at Law**

There are no remedies at law available to the Plaintiffs in this case as Plaintiffs do not seek monetary damages. Thus, there is no compensation, other than the relief requested herein, that can make the Plaintiffs whole.

### III. Plaintiffs will be Irreparably Harmed if Denied Preliminary Relief

The third prong of the test is easily satisfied in this case. The challenged decision of Defendant, if allowed to remain in effect during this period, will cause significant harm to the Plaintiffs' First Amendment rights that cannot be adequately remedied afterwards. *Anderson* at 787 (recognizing harm to voters' First Amendment rights of association when they are unable to vote for the candidates they support).

If the Independent Party does not obtain political body status in time for the May 24, 2016 tally deadline, it will effectively be handicapped because it would have no way of knowing how many current registrations it has, and how many more it would need to obtain, if any, by the registration deadline of July 8, 2016, to qualify as a political party to get on the ballot for the presidential election. (*Declaration of Richard Winger* at ¶ 3, 4) Likewise, Plaintiff William Lussenheide, and any other supporter of the Independent Party, would effectively be precluded from supporting the Independent Party during the presidential election if the Independent Party is not allowed to even determine how many registered voters it has for the purpose of qualifying for the presidential election. *Id* at ¶ 4. These harms to Plaintiffs constitute irreparable harm sufficient to merit a preliminary injunction.

### IV. There is No Harm to Defendants from Granting Preliminary Relief and the Granting of Relief is in the Public Interest.

Of course, Defendant will speak for himself concerning what harm, if any, will flow to him and the State from granting preliminary relief. However, given Plaintiffs strong showing on likelihood of success and irreparable harm, there can be no doubt that the public interest favors granting preliminary relief. As the Third Circuit noted in an analogous case, "[i]n the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights, including the voting

and associational rights of alternative political parties, their candidates, and their potential supporters."
*Council of Alternative Political Parties*, 121 F.3d at 883-84.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for preliminary injunctive relief should be granted. Without immediate injunctive relief, the Independent Party's exclusion as a political body, and eventually from the ballot, will not only cause its First and Fourteenth Amendment rights to be violated, but also those of its supporters such as William Lussenheide, and will significantly prohibit its ability to campaign and raise funds for the upcoming election at the very time it matters most.

DATED:  March 15, 2016                    Respectfully submitted,

                                          BARNES LAW


                                          /s/ Robert E. Barnes
                                          Robert E. Barnes, Esq.
                                          Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, ROBERT BARNES, am a citizen of the United States and am at least 18 years of age. My business address is 601 South Figueroa Street, Suite 4050, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of this motion on the following parties by filing the foregoing with the Clerk of the Court using its electronic filing system:

> Peter H. Chang
> Deputy Attorney General
> Department of Justice
> Office of the Attorney General
> 455 Golden Gate Ave., Suite 11000
> San Francisco, CA 94102-7004

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 15, 2016

Respectfully submitted,

BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes, Esq.
Attorney for Plaintiff