KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5939
  Fax:  (415) 703-1234
  E-mail:  Peter.Chang@doj.ca.gov
*Attorneys for Defendant Alex Padilla,*
*in his official capacity as Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INDEPENDENT PARTY and WILLIAM LUSSENHEIDE,**<br><br>Plaintiffs,<br><br>v.<br><br>**ALEJANDRO "ALEX" PADILLA, in his official capacity as Secretary of State of California,**<br><br>Defendant. | 2:16-cv-00316-WBS-CKD<br><br>**DEFENDANT SECRETARY OF STATE'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:          May 2, 2016<br>Time:         1:30 p.m.<br>Courtroom:  5<br>Judge:        Hon. William B. Shubb<br>Trial Date:  None<br>Action Filed: Feb. 16, 2016 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................. 2

    I.    California's Election System ........................................................................... 2

        A.    Proposition 14 and the Party Qualification Requirement ...................... 2

        B.    A Candidate's Party Preference Is Identified on the Ballot, but Only a Presidential Candidate May Be Identified As "Independent" on the Ballot .............................................................................................. 4

    II.    Plaintiffs' Allegations .................................................................................. 5

LEGAL STANDARD ....................................................................................................... 6

ARGUMENT .................................................................................................................. 6

    I.    Plaintiffs Are Not Likely to Succeed on the Merits or Establish That Serious Questions Going to the Merits Were Raised .................................... 6

        A.    A Flexible Balancing Standard Applies to the Determination of the Merits ................................................................................................ 6

        B.    Plaintiffs Do Not Suffer a Severe Burden on Their First and Fourteenth Amendment Rights .......................................................... 7

            1.    Plaintiffs' Right of Free Speech Are Not Severely Burdened ........ 8

            2.    Plaintiffs' Right of Association and Voting Rights Are Not Severely Burdened ................................................................. 9

            3.    Plaintiffs' Right of Ballot Access is Not Severely Burdened ........ 10

            4.    Plaintiffs' Inability to Use the Designation "Independent Party" Does Not Impose a Severe Burden on Their Equal Protection Right ................................................................... 11

        C.    Compelling and Overriding State Interests Outweigh Any Burden on Plaintiffs' Rights ......................................................................... 12

    II.    Plaintiffs Are Not Likely Suffer Irreparable Harm in the Absence of Preliminary Relief ....................................................................................... 15

    III.    The Balance of Equities Tips Sharply in the Secretary's Favor .................... 16

    IV.    An Injunction is Against Public Interest .................................................... 16

CONCLUSION .............................................................................................................. 16

i

Opp. to Mtn. for Prelim. Injunction (2:16-cv-00316-WBS-CKD)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alliance for the Wild Rockies v. Cottrell*
632 F.3d 1127 (9th Cir. 2011)....................................................................6

*Burdick v. Takushi*
504 U.S. 428 (1992)...................................................................................7

*Chamness v. Bowen*
722 F.3d 1110 (9th Cir. 2013).......................................................... *passim*

*Clements v. Fashing*
457 U.S. 957 (1982)............................................................................10, 11

*Jenness v. Fortson*
403 U.S. 431 (1971).................................................................................12

*Lubin v. Panish*
415 U.S. 709 (1974).................................................................................10

*Preminger v. Principi*
422 F.3d 815 (9th Cir.2005).....................................................................15

*Rubin v. City of Santa Monica*
308 F.3d 1008 (9th Cir. 2002)..........................................................8, 9, 11

*Rubin v. Padilla*
233 Cal.App.4th 1128 (Cal. App. 2015) ...................................................2

*Snowden v. Hughes*
321 U.S. 1 (1944).....................................................................................11

*Timmons v. Twin Cities Area New Party*
520 U.S. 351 (1997)..........................................................................1, 9, 10

*Winter v. Natural Res. Def. Council, Inc.*
555 U.S. 7 (2008)................................................................................6, 16

ii

# TABLE OF AUTHORITIES
### (continued)

Page

**STATUTES**

California Elections Code

§ 5(c) .......................................................................................................3
§ 5(d) .......................................................................................................3
§ 338 ....................................................................................................3, 5
§ 359.5 .....................................................................................................2
§ 5001 ...............................................................................................*passim*
§ 5001(a) ..................................................................................................3
§ 5001(b) ..................................................................................................3
§ 5002 .......................................................................................................3
§ 5151(a) ..................................................................................................3
§ 5151(b) ..................................................................................................3
§ 5151(c) ..................................................................................................4
§ 5151(d) ..................................................................................................4
§ 8062 .....................................................................................................11
§ 8103 .....................................................................................................11
§ 8106 .....................................................................................................11
§ 8300, et seq. ...............................................................................5, 11, 15
§ 13105(a) .................................................................................................2
§ 13105(a)(1) ............................................................................................4
§ 13105(a)(2) ............................................................................................4
§ 13105(b) ...........................................................................................4, 12
§ 13105(c) .................................................................................5, 11, 12, 15

**CONSTITUTIONAL PROVISIONS**

First Amendment.................................................................................8, 9, 13

Fourteenth Amendment................................................................................7

California Constitution
Article II, § 5 ............................................................................................2
Article II, § 5(a) ........................................................................................2
Article II, § 5(b) ........................................................................................2

**OTHER AUTHORITIES**

" California Secretary of State. http://elections.cdn.sos.ca.gov/ror/ror-
pages/154day-presprim-12/qual-pol-parties.pdf ........................................14

California Secretary of State, http://www.sos.ca.gov/elections/political-
parties/political-bodies-attempting-qualify/ ...........................................4, 10

Opp. to Mtn. for Prelim. Injunction («Matter Primary Court Case #»)

1

## TABLE OF AUTHORITIES
### (continued)

2
Page

3

California Secretary of State, http://www.sos.ca.gov/elections/political-
parties/qualified-political-parties/ ...............................................................................4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opp. to Mtn. for Prelim. Injunction («Matter Primary Court Case #»)

**INTRODUCTION**

This case is about whether a nonqualified "political *body*" may use the name "Independent Party" in its attempt to qualify as a "political *party*" so that any candidate who wishes to have the word "Independent" appear next to his or her name on the ballot may do so.  This was, by Plaintiffs' admission, an attempt to circumvent California law, which does not permit (with one narrow exception) candidates to identify themselves as "Independent" or preferring "Independent" on the ballot.  Plaintiffs' motion for a preliminary injunction lacks merit because Plaintiffs are not likely to succeed on the merits, they will suffer no irreparable harm, the balance of equities tips sharply against Plaintiffs' position, and because public interest strongly favors the Secretary's position.  The motion should accordingly be denied.

Plaintiffs claim that Defendant Secretary's denial of their use of the proposed name violated their rights of speech, association, ballot access, and equal protection.  Plaintiffs are not likely to succeed on the merits because any slight burden imposed on them by their inability to use the designation "Independent Party" is outweighed by the State's interest in avoiding electoral confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballots.  Plaintiffs are not likely to suffer irreparable harm because, to the extent their objective is to place a candidate on the presidential general election ballot with the designation "Independent," they may attempt to do so by qualifying a candidate through the independent nomination process.  The balance of equities tips sharply in the State's favor because if Plaintiffs are permitted to use the designation "Independent Party" in their attempt to qualify as a political party, and assuming they qualify as a political party, voters are likely to be deceived and confused by Plaintiffs' use of the "Independent" designation.  Finally, an injunction would be against public interest if Plaintiffs are permitted the use of the designation "Independent Party," because that would create electoral confusion with the "American Independent Party" and with candidates who qualified for the ballot through the independent nomination process, deception of voters who would believe candidates of the Independent Party are actually independent of any party,  and would compromise the efficiency, integrity, and fairness of the ballots.

1

**BACKGROUND**

**I.   CALIFORNIA'S ELECTION SYSTEM[1]**

**A.   Proposition 14 and the Party Qualification Requirement**

In 2010, California voters enacted Proposition 14, which amended the California Constitution to replace a closed partisan primary with an open nonpartisan primary leading to a "top two" runoff general election.  Cal. Const., art. II, § 5; *see generally*, *Rubin v. Padilla* 233 Cal.App.4th 1128, 1137-38 (Cal. App. 2015).  Under Proposition 14's "top two" primary system, candidates for voter-nominated offices may list their qualified party preferences on the ballot and "[a]ll voters may vote at a voter-nominated primary election for any candidate for congressional and state elective office without regard to the political party preference disclosed by the candidate or the voter."[2]  Cal. Const., art. II, § 5(a) & (b); Cal. Elec. Code § 13105(a) (West 2015)[3].  "The candidates who are the top two vote-getters at a voter-nominated primary election . . . shall, regardless of party preference, compete in the ensuing general election."  *Id.*  A political party may endorse, support or oppose a candidate, but "shall not nominate a candidate for any congressional or state elective office at the voter nominated primary," and "shall not have the right to have its preferred candidate participate in the general election for a voter-nominated office other than a candidate who is one of the two highest vote-getters at the primary election."  Cal. Const., art. II, § 5(b).

---

[1]  Defendant Secretary has filed a motion for judgment on the pleadings to be heard on the same date as Plaintiffs' motion for preliminary injunction.  (Dkt. No. 9).  This description of California's Election System mirrors the discussion in Defendant Secretary's motion on pages 2-5.

[2]  "Voter-nominated offices" include: (1) Governor; (2) Lieutenant Governor; (3) Secretary of State; (4) State Treasurer; (5) Controller; (6) State Insurance Commissioner; (7) Member of the Board of Equalization; (8) Attorney General; (9) State Senator; (10) Member of the Assembly; (11) United States Senator; (12) Member of the U.S. House of Representatives.  Cal. Elec. Code § 359.5.  The presidency of the United States is not a voter-nominated office.

[3]  Unless otherwise noted, all statutory references herein are to the California Elections Code.

2

Opp. to Mtn. for Prelim. Injunction (2:16-cv-00316-WBS-CKD)

Proposition 14 leaves in place partisan primary elections for presidential candidates, political party committees and party central committees, and preserves the right of political parties to participate in the general election for the office of President. *Id.* at § 5(c), (d).

Under both the prior closed partisan primary system and the current top-two primary system, political bodies may participate in elections only if they qualify to do so by demonstrating a minimal level of voter support. The Elections Code expressly defines "party" to mean "a political party or organization that has qualified for participation in any primary or presidential general election." § 338. Thus, any political body that has not qualified to participate in elections is not a "party" within the meaning of the Elections Code.

For a political body to participate either in the primary election or the general election as a qualified political party, the Elections Code's requirements are clear and straightforward: The organization must hold a caucus or convention to elect temporary officers and designate a party name, and the designated name "shall not be so similar to the name of an existing party so as to mislead the voters, and shall not conflict with that of any existing party" or political body that has previously filed notice. § 5001(a). The political body must then file a formal notice with the Secretary of State to qualify as a political party for the primary election or the general election. § 5001(b). After the Secretary of State receives the notice, he would notify county election officials of the political body's intent to qualify for the next primary or presidential general election, and the county election officials would tabulate the political affiliation of registered voters who are members of the political body. § 5002.

There are two ways a political body that desires to qualify for the presidential general election but which did not participate in the primary election can qualify to participate in the election:[4] (1) 123 days before the presidential general election, 0.33 percent of registered voters declared a preference for the party; and (2) 135 days before the presidential general election, a

_____

[4] The Elections Code provides two other ways for a political body to qualify to participate in the presidential general election, but they do not apply to Plaintiff Independent Party. *See* § 5151(a) (for parties that were qualified to participate in the presidential primary election preceding the presidential general election); § 5151(b) (for parties that participated in the last preceding gubernatorial primary election).

3

petition is filed with the Secretary of State bearing signatures equal to at least 10 percent of the vote of the state at the last preceding gubernatorial election, declaring that they represent a proposed party.  § 5151(c), (d).

There are six political parties currently qualified to participate in California elections: the American Independent Party, the Democratic Party, the Green Party, the Libertarian Party, the Peace and Freedom Party, and the Republican Party.[5]  There are four political bodies currently attempting to qualify as political parties for the November 8, 2016, general election: California National Party, Constitution Party of California, Independent California Party, and Reform Party of California.[6]

### B. A Candidate's Party Preference is Identified on the Ballot, But Only a Presidential Candidate May be Identified as "Independent" on the Ballot

A candidate may have the name of the political party he or she prefers placed next to the candidate's name on the ballot, but only if the political party is qualified to participate in the election.  For a candidate running for a voter-nominated office in a primary election, a general election, or a special election, if the candidate designates a preference for a qualified political party in the candidate's affidavit of registration, the designation "Party Preference: [qualified party name]" would be placed next to the candidate's name on the ballot.  § 13105(a)(1).  If the candidate does not state a preference for a qualified political party, the designation "Party Preference: None" would be placed next to the candidate's name.  § 13105(a)(2).  California law does not permit a candidate to designate the word "Independent," or any other word, in lieu of the party preference designation.

In a presidential general election, which is not governed by the top-two primary system, the party name of the presidential or vice presidential candidate would be placed next to the

---

[5] California Secretary of State, http://www.sos.ca.gov/elections/political-parties/qualified-political-parties/ (last visited Apr. 13, 2016).

[6] California Secretary of State, http://www.sos.ca.gov/elections/political-parties/political-bodies-attempting-qualify/ (last visited Apr. 13, 2016).

4

candidate's name.  § 13105(b).  In addition to the party nomination process for a presidential or vice presidential candidate, a presidential or vice presidential candidate may also be placed on the ballot by way of independent nomination.  § 8300, et seq.  If the presidential or vice presidential candidate qualified for the ballot through the independent nomination process, the word "Independent" would be printed next to the name of the candidate instead of the name of a political party.  § 13105(c).

## II.   PLAINTIFFS' ALLEGATIONS

Mr. Charles Deemer, Chairman of the non-qualified Independent Party, submitted to the Secretary a notice of intent to qualify the "Independent Party"[7] as a political party in California under Section 5001.  Declaration of Charles Deemer in Support of Motion for Preliminary Injunction (Dkt. 6-2) ("Deemer Decl."), ¶ 5.  Plaintiffs allege that the "Independent Party" is seeking to participate in the upcoming 2016 presidential election.  Complaint, ¶ 1; Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Injunction (Dkt. No. 6) ("Pls.' Memo.") at p. 1.  They seek a preliminary injunction so that they may obtain a tally of registered voters who identified a preference for their political body before the last tally deadline for the primary election on May 24, 2016.  Pls.' Memo. at p. 4.

The reason Mr. Deemer, and presumably others, organized as a political body was not based on any particular shared political ideology, but to "make it possible for candidates who wish to be identified as 'independent candidates' to be able to run for office with the label, 'Independent.'"  Complaint, p. 2; Deemer Decl., ¶ 3.  Plaintiffs allege that California law no longer permits independent candidates to use the term "independent" as their party label, but requires them to use the label "Party Preference: None" on the primary and general election ballots.  Complaint, p. 2; Deemer Decl., ¶ 4.  Therefore, Plaintiffs believe that if they could qualify the "Independent Party" as a political party, then any candidate who prefers to run as an

---

[7] References to Plaintiff Independent Party are solely to their proposed name.  Plaintiff Independent Party is not a qualified political party and is a political body only.  *See* § 338 (a "party" means "a political party or organization that has qualified for participation in any primary or presidential general election").

5

1

2

"independent" could declare his or her preference for the "Independent Party" and use that party

label on the ballot.  Complaint, p. 2; Deemer Decl., ¶ 4.

3

4

In February 2015, Plaintiff Independent Party notified the Secretary that it intends to

qualify as a political party to place their candidate on the ballot.  Complaint, ¶ 6; Deemer Decl.,

5

6

¶ 5.  The Secretary determined that Plaintiff failed to meet the requirements of Section 5001,

stating that the name "Independent Party" is too similar to the name of the existing American

7

Independent Party.  Complaint, ¶¶ 7, 9; Deemer Decl., ¶¶ 6, 8.

8

9

**LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v.*

10

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Plaintiffs requesting a preliminary

11

injunction must establish that (1) they are likely to succeed on the merits; (2) they will likely

12

suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their

13

favor; and (4) an injunction is in the public interest.  *Id.* at 22.  Alternatively, Plaintiffs may

14

demonstrate that "serious questions going to the merits were raised and the balance of hardships

15

tips sharply in plaintiffs' favor."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-

16

35 (9th Cir. 2011) (quotation omitted).  Even under this alternative standard, however, Plaintiff

17

must still establish that there is a likelihood of irreparable injury and that the injunction is in the

18

public interest.  *Id.* at 1135.

19

**ARGUMENT**

20

**I.    PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THE MERITS OR ESTABLISH THAT**
**SERIOUS QUESTIONS GOING TO THE MERITS WERE RAISED**

21

22

Plaintiffs cannot show a likelihood of success on the merits or establish that serious

23

questions going to the merits were raised because any slight burden imposed on Plaintiffs due to

24

their inability to use the designation "Independent Party" is outweighed by the State's compelling

25

interests in avoiding electoral confusion and deception, preventing misrepresentation, and

26

ensuring the efficiency, integrity, and fairness of the ballots.  A full discussion on the merits of

27

Plaintiffs' claims is also provided in Defendant Secretary's pending motion for judgment on the

28

pleadings.  (Dkt. No. 9.)

6

**A.   A FLEXIBLE BALANCING STANDARD APPLIES TO THE DETERMINATION OF THE MERITS**

In examining challenges to state election laws based on First and Fourteenth Amendment rights, the Supreme Court has developed a flexible balancing standard: A court must weigh "the character and magnitude" of the asserted injury against the "interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration the extent to which the State interests make the burden necessary. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

Under this standard, when state election laws impose only "'reasonable, non-discriminatory restrictions . . . the State's important regulatory interests are generally sufficient to justify' the restrictions." *Burdick*, 504 U.S. at 434 (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983)). Accordingly, the Supreme Court has "repeatedly upheld reasonable, politically neutral regulations that have the effect of channeling expressive activity at the polls." *Burdick*, 504 U.S. at 438 (citing *Munro v. Socialist Workers Party*, 479 U.S. 189, 199 (1986)). But when those rights are subject to "severe restrictions," the law must be "narrowly drawn to advance a state interest of compelling importance." *Burdick*, 504 U.S. at 434. The Ninth Circuit Court of Appeals has "noted that 'voting regulations are rarely subject to strict scrutiny.'" *Chamness v. Bowen*, 722 F.3d 1110, 1116 (9th Cir. 2013) (citing *Dudum v. Arntz*, 640 F.3d 1098, 1106 (9th Cir. 2011)).

**B.   PLAINTIFFS DO NOT SUFFER A SEVERE BURDEN ON THEIR FIRST AND FOURTEENTH AMENDMENT RIGHTS**

Plaintiffs do not allege any specific injury other than the inability to use the party name "Independent Party." This alleged injury causes only a slight burden to Plaintiffs' rights of free speech, association, and ballot access. The "character and magnitude" of the alleged injury is particularly frivolous in the context of this case because Plaintiffs' express intent in using the proposed name is not to exercise their asserted rights but to circumvent California law. Under the Elections Code, the designation "Independent" is reserved for a presidential or vice presidential candidate who qualifies for the general election through the independent nomination process, and no other candidate in either the primary or general election may use the designation "Independent."

7

Here, Plaintiffs' admitted purpose for seeking to use the designation "Independent Party" is to circumvent the restriction and allow any candidate who wishes to be identified on the ballot as "Independent" to do so.  Deemer Decl, ¶ 3.  This objective is inherently deceptive, and Plaintiffs should not be permitted to do so.

"Courts will uphold as 'not severe' restrictions that are generally applicable, even-handed, politically neutral, and which protect the reliability and integrity of the election process." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1014 (9th Cir. 2002).  The Secretary's denial of Plaintiffs' use of the name "Independent Party" does not impose a severe burden on Plaintiffs because it is an even-handed, politically-neutral application of Section 5001 intended to protect the integrity of the election process and the State's compelling interests in avoiding electoral confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballot.

### 1.     Plaintiffs' Right of Free Speech Are Not Severely Burdened

The Secretary's denial of Plaintiffs' use of the name "Independent Party" does not impose a severe burden on Plaintiffs' speech rights.  Plaintiffs do not allege that the Secretary applied Section 5001 in an uneven or discriminatory fashion.  There is also no allegation that the Secretary's application of Section 5001 was based on the Plaintiffs' political ideology or viewpoint, or based on the content of Plaintiffs' speech.  Indeed, by its own admission, Plaintiff Independent Party has no particular political ideology but seeks only to provide a mechanism for candidates who wish to have the "Independent" designation on the ballot to be able to do so, regardless of the candidate's political beliefs.  Complaint, Intro., ¶ 1.  Under California law, those candidates who do not indicate a preference for a qualified political party would otherwise be designated with the label "Party Preference: None."  § 13105(a)(2).

Plaintiffs' alleged burden is similar to one that the Ninth Circuit previously held to be "slight."  In *Chamness v. Bowen*, the Ninth Circuit held that a state prohibition against a primary election candidate from designating himself as "Independent" and requiring him to state that he has "No Party Preference" did not violate his First Amendment speech rights.  *Chamness*, 722

8

F.3d at 1119.  The Ninth Circuit found the statute to impose only a "slight speech burden" because there is no "real difference" between "Independent" and "No Party Preference."  *Id.* at 1117-18.  The court further found the fact that the prohibition is viewpoint neutral supports the conclusion that it imposed only a slight burden on speech.  *Id.* at 1118.  Similarly here, Plaintiffs are free to choose any name that meets the requirements of Section 5001.  And the prohibition against using the name "Independent Party" is viewpoint neutral.

Furthermore, Plaintiffs are free to express their political views in every forum available except on the ballot.  Plaintiffs may support, endorse, vote for, or campaign on behalf of any candidate, including candidates who wish to run for office without declaring a preference for an existing qualified political party.  To the extent Plaintiffs' claim is based on an assertion that they have the right to use the ballot for their expressive activity, through the use of their proposed name, "Independent Party," it must fail.  The ballot is not a forum for speech.  *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 362-63 (1997) ("Ballots serve primarily to elect candidates, not as forums for political expression").  As the Supreme Court held in *Timmons*, a political party does not have the right to use the ballot to send a message to the voters about the nature of its support for a candidate.  *See id.*, at 363.  And as the Ninth Circuit has recognized, "[a] ballot is a ballot, not a bumper sticker.  Cities and states have a legitimate interest in assuring that the purpose of a ballot is not 'transform[ed] . . . from a means of choosing candidates to a billboard for political advertising."  *Rubin*, 308 F.3d at 1016 (citing *Timmons*, 520 U.S. at 365).

### 2.    Plaintiffs' Right of Association and Voting Rights Are Not Severely Burdened[8]

The Secretary's denial of Plaintiffs' use of the name "Independent Party" does not impose a severe burden on Plaintiffs' associational and voting rights.  The First Amendment protects the right of citizens to associate and to form political parties.  *Timmons*, 520 U.S. at 537.  Here, Plaintiffs are free to associate and organize and form a political body under any name designation

---

[8] Plaintiffs do not assert in their motion that their voting rights or ballot access rights have been violated.  The Complaint, however, vaguely references those rights and Secretary addresses them here in an abundance of caution.

that complies with Section 5001 and other applicable California laws.  They simply may not use the name "Independent Party" in their attempt to qualify as a political party.  Plaintiffs may even use a name that includes the word "independent" without running afoul of Section 5001.  Indeed, the Secretary has approved the name "Independent California Party" for a political body that is currently attempting to qualify for the 2016 general election.[9]  Thus, Plaintiffs' associational and voting rights are not severely burdened because Plaintiff Independent Party is free to associate with any candidate it supports, and the voters are free to vote for any candidate who indicates a preference for Plaintiff.

*Timmons* is instructive.  In *Timmons*, the New Party challenged Minnesota's law prohibiting candidates from listing more than one party affiliation on the ballot.  *Timmons*, 520 U.S. at 362.  The New Party argued that the ban violated its right of association.  The Supreme Court, however, found the burden imposed by the state law to be not severe.  *Id.* at 363.  As the Court reasoned, Minnesota has not directly precluded the parties from developing and organizing, and the New Party "remains free to endorse whom it likes, to ally itself with others, to nominate candidates for office, and to spread its message to all who will listen."  *Id.* at 361.  Members of the New Party are likewise free to endorse, support, or vote for anyone they like.  *See id.* at 363.  Similarly here, the Secretary's denial of Plaintiffs' use of the name "Independent Party" does not impose a severe burden on Plaintiffs' associational and voting rights because Plaintiff Independent Party remains free to associate with whom it likes and supporters of Independent Party are free to endorse, support, or vote for anyone they like.

**3.    Plaintiffs' Right of Ballot Access is Not Severely Burdened**

The Secretary's denial of Plaintiffs' use of the name "Independent Party" does not impose a severe burden on their ballot access rights.  In examining challenges to ballot access, the Supreme Court focuses on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process.  *Clements v. Fashing*  457 U.S.

---

[9] California Secretary of State, http://www.sos.ca.gov/elections/political-parties/political-bodies-attempting-qualify/ (last visited Apr. 13, 2016).

Opp. to Mtn. for Prelim. Injunction (2:16-cv-00316-WBS-CKD)

957, 964 (1982).  "The inquiry is whether the challenged restriction unfairly or unnecessarily burdens the 'availability of political opportunity.'"  *Id.* (quoting *Lubin v. Panish*, 415 U.S. 709, 716 (1974).  Here, the Secretary has not directly limited Plaintiff Independent Party or their candidates' access to the ballot.  Candidates who prefer the political body Plaintiffs are attempting to qualify have the same access to the ballot as any other candidate.[10]  Instead, the Secretary has only denied the use of the name "Independent Party" in Plaintiff's attempt to qualify as a political party.  The resulting burden on Plaintiffs' ballot access right is not severe.

### 4. Plaintiffs' Inability to Use the Designation "Independent Party" Does Not Impose a Severe Burden on Their Equal Protection Right

In election cases, courts have analyzed free speech and equal protection in tandem.  *See Rubin*, 308 F.3d at 1019.  An election regulation is subject to heightened scrutiny on Equal Protection grounds only if it burdens a suspect class or fundamental right.  *Id.*  A political body that is seeking to qualify as a political party is not a suspect class.  Therefore, rational basis review is appropriate unless Plaintiffs' right to speech is burdened, which, as established above, it is not.  Therefore, the state's important interests justify any burden on Plaintiffs' Equal Protection right.

In addition, Plaintiffs' claim under the Equal Protection Clause must be dismissed on the separate basis that Plaintiffs do not allege any invidious discrimination against them.  The administration by a state officer of a state law fair on its face that results in unequal classifications offends the Equal Protection Clause only if those classifications are "invidious, arbitrary, or irrational."  *Clements*, 457 U.S. at 967; *see Snowden v. Hughes*, 321 U.S. 1, 8 (1944).  Plaintiffs do not allege that the Secretary's denial of their use of the name "Independent Party" is

---

[10] Any candidate for statewide, legislative, or congressional offices may be placed on the primary election ballot merely by filing a declaration of candidacy and nomination papers with up to 100 voter signatures, and paying a filing fee of 1 percent (2 percent for United States Senator and statewide candidates) of the office's salary.  § 8062, § 8103.  In lieu of a filing fee, any candidate may submit a petition with 1,500 to 10,000 signatures, depending on the office sought.  § 8106.  A candidate for the presidential general election who wishes to have the ballot label "Independent" may qualify for the ballot under the independent nomination process.  § 13105(c); *see* § 8300, et seq.

11

"invidious, arbitrary, or irrational," and their claim under the Equal Protection Clause must be dismissed.

### C. COMPELLING AND OVERRIDING STATE INTERESTS OUTWEIGH ANY BURDEN ON PLAINTIFFS' RIGHTS

Any burden imposed on Plaintiffs' rights as alleged by the Complaint is justified by at least three important—indeed, compelling—state interests. The State's interests in denying Plaintiffs' the use of the "Independent Party" designation include avoiding electoral confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballots. *See Jenness v. Fortson*, 403 U.S. 431, 442 (1971) (The State has important interests in "avoiding confusion, deception, and even frustration of the democratic process at the general election"). Each of these state interests has been found by courts to sufficiently justify burdens imposed by ballot restrictions.

First, the State has compelling interests in avoiding voter confusion and misrepresentation that could result if a presidential candidate of the "Independent Party" and a presidential candidate who qualified for the general election by way of independent nomination are both designated "Independent" on the ballot. For a presidential or vice presidential candidate at the general election, the name of the candidate's party would appear next to the candidate's name. § 13105(b). If Plaintiff Independent Party qualifies as a political party for the general election and nominates a presidential candidate, assuming the candidate meets other conditions under the Elections Code, its candidate's name would appear on the ballot with the word "Independent." If, however, a presidential candidate qualifies for the presidential general election not as a party nominee but through the independent nomination process, that candidate's name would also appear on the ballot with the word "Independent" next to his or her name. § 13105(c). This is likely to lead to voter confusion since voters may not know whether a candidate qualified for the presidential election ballot through the independent nomination process or is a nominee of the "Independent Party." The designation could also mislead voters into believing that a nominee of

12

the "Independent Party" who is on the ballot through party nomination actually qualified for the ballot through the independent nomination process, or vice versa.

Second, the State has compelling interests in avoiding voter confusion and deception that could result if candidates for voter-nominated offices indicate a preference for the "Independent Party" because that proposed party name is too similar to the name of the "American Independent Party," which is an existing, qualified political party. The Ninth Circuit has previously observed the similarity between the names and has anticipated that electoral confusion could result if a candidate for a voter-nominated office has the word "Independent" next to his or her name.

In *Chamness v. Bowen*, a candidate who sought to run for office in the primary election wanted to have the ballot state "Independent" in the party preference space. *Chamness*, 722 F.3d at 1114. He argued that the State's prohibition against the use of the ballot label "Independent" violated his First Amendment rights. *Id.* at 1116. The Ninth Circuit held that the statute that prohibited the candidate from designating him as "Independent" and requiring him to state that he has "No Party Preference" did not violate his First Amendment rights. *Id.* at 1119. In reaching that holding, the court found that the State has an interest in preventing the confusion that could result if the candidate is permitted to use the ballot label "Independent." As the Ninth Circuit observed, "[t]he term 'Independent,' if listed next to a candidate's name on the ballot, might be confused with the name of a political party, such as the 'American Independent' Party—one of California's 'qualified' political parties." *Id.* at 1118.

The Secretary reached the same conclusion. Under Section 5001, a proposed party name "must not be so similar to the name of an existing party so as to mislead the voters, and shall not conflict with that of any existing party." The Secretary has determined that the proposed name "Independent Party" is too similar to that of the existing "American Independent Party." Complaint, ¶¶ 7 & 9. Permitting Plaintiffs to use the name "Independent Party" as the party name is likely to cause voter confusion and mislead the voters.

Third, the State has a compelling interest in preventing voter deception. Plaintiffs seek to use the party name "Independent Party" for the express purpose of enabling candidates to place

13

the ballot label "Independent" next to their names.  Complaint at Intro., ¶ 1; Deemer Decl., ¶¶ 3, 4.  In *Chamness*, it was suggested to the court that having the word "Independent" next to a candidate's name "may evoke a positive view—that the candidate affirmatively rejects the politics of the other parties."  *Chamness*, 722 F.3d at 1117.  Plaintiffs presumably intend for their candidates to be able to latch onto this "positive view" perceived to be evoked by the word "Independent."  If Plaintiffs prevail, however, a candidate having the word "Independent" next to his or her name on the ballot would actually be indicating a preference for the "Independent Party" and not rejecting all political parties.  Thus, the Secretary's denial of Plaintiffs' use of the designation, "Independent Party," also protects voters.  A voter seeing the word "Independent" next to a candidate's name, could be deceived and misled into believing that the candidate affirmatively rejects all political parties, when that candidate is actually indicating a preference for the "Independent Party."

These compelling state interests in avoiding electoral confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballots justify and outweigh any burden on Plaintiffs caused by their inability to use the proposed name "Independent Party."

Plaintiffs assert in their motion that courts have permitted different political parties to use the same word in their names without causing voter confusion.  Pls.' Memo., at pp. 5-6.  The causes for likely voter confusion here, however, are described above, and are not simply based on Plaintiffs proposed use of the word "Independent" in the name of their political body.  Rather, they are based on Plaintiffs' proposed use of *only* the word "Independent."  Indeed, as Plaintiffs point out, the Secretary has permitted political bodies to attempt to qualify as political parties using names that share a word with an existing political party.  For instance, as Plaintiffs allege, the Secretary has permitted the political body "Americans Elect" to qualify as a political party while the American Independent Party was an existing political party.[11]  Complaint, Intro., at ¶ 4.

_____

[11] California Secretary of State.  http://elections.cdn.sos.ca.gov/ror/ror-pages/154day-presprim-12/qual-pol-parties.pdf (as of Apr. 13, 2016.)

The Independent California Party is also currently attempting to qualify as a political party for the November 2016 general election.  Both American Independent Party and Independent California Party use the word "Independent" in their names.

## II.   PLAINTIFFS ARE NOT LIKELY SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF

Plaintiffs cannot establish that they will suffer irreparable harm in the absence of preliminary injunctive relief.  The smaller the probability of plaintiffs' success on the merits, the greater must be the showing of irreparable harm.  *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir.2005).  Plaintiffs allege that they are seeking to qualify as a political party so that they may place a candidate on the ballot in the upcoming presidential election with the "Independent" label.  Pls. Memo., at pp. 3-4; Deemer Decl. at ¶¶ 3, 4.  There is no irreparable harm to Plaintiffs because Plaintiffs may place a presidential or vice presidential candidate with the label "Independent" on the presidential general election ballot by qualifying the candidate through the independent nomination process.  Under the Elections Code, a presidential or vice presidential candidate may be placed on the ballot by way of independent nomination.  § 8300, et seq.  If a candidate qualifies for the ballot through the independent nomination process, the word "Independent" would be printed next to the name of the candidate.  § 13105(c).  This is the precise outcome that Plaintiffs seek.  *See* Pls. Memo., at pp. 3-4; Deemer Decl. at ¶¶ 3, 4; Complaint, Intro., ¶ 1.  Thus, there would be no irreparable harm in the absence of a preliminary injunction.

To the extent that Plaintiffs seek to have candidates in voter-nominated elections to be able to use the word "Independent" on the ballot, there would also be no irreparable harm to those candidates if they are designated on the ballot with the label "Party Preference: None" instead of "Independent."  As the Ninth Circuit found, there is no "real difference" between the designation "Independent" and "No Party Preference."  *Chamness*, 722 F.3d at 1117 ("The law prohibits Chamness from designating himself as "Independent," and requires him to state he has "No Party Preference."  Yet, Chamness has failed to demonstrate any real difference between the two locutions").

15

**III.   THE BALANCE OF EQUITIES TIPS SHARPLY IN THE SECRETARY'S FAVOR**

The balance of equities weighs in favor of the Secretary.  Plaintiffs' inability to use the designation "Independent Party" in their attempt to qualify as a political party for the presidential general election until this case is resolved on the merits, their unlikelihood of prevailing on the merits, and the absence of irreparable harm do not outweigh the State's legitimate interests in preventing statewide voter confusion and deception in advance of, and at, the upcoming presidential general election.

**IV.   AN INJUNCTION IS AGAINST PUBLIC INTEREST**

In exercising sound discretion, a district court should "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quotation marks and citation omitted).  An injunction requiring the Secretary to accept Plaintiffs' proposed name, "Independent Party," in their attempt to qualify as a political party would be against public interest.  The public interest in this case is the same as the State's interests discussed above in Section I.C., and include the interest in avoiding electoral confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballots.

**CONCLUSION**

For all the reasons provided above, the Court should deny Plaintiffs' Motion for Preliminary Injunction.

Dated:  April 18, 2016                                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General

/s/ Peter H. Chang

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Alex Padilla,*
*in his official capacity as Secretary of State*

SA2016101044
20838704.doc

16

Opp. to Mtn. for Prelim. Injunction (2:16-cv-00316-WBS-CKD)