KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5939
 Fax:  (415) 703-1234
 E-mail:  Peter.Chang@doj.ca.gov
*Attorneys for Defendant Alex Padilla,
in his official capacity as Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT PARTY and WILLIAM LUSSENHEIDE,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO "ALEX" PADILLA, in his official capacity as Secretary of State of California,<br><br>Defendant. | 2:16-cv-00316-WBS-CKD<br><br>**DEFENDANT SECRETARY OF STATE'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:         May 2, 2016<br>Time:        1:30 p.m.<br>Courtroom:  5<br>Judge:       Hon. William B. Shubb<br>Trial Date:  None<br>Action Filed: Feb. 16, 2016 |

In their opposition to the Secretary's motion for judgment on the pleadings, Plaintiffs have not established that their asserted rights have been severely burdened or that the State's asserted interests are less than compelling. The Court should grant this motion and dismiss Plaintiffs' complaint in its entirety.

### I. PLAINTIFFS' MOTIVATION FOR FORMING THE POLITICAL BODY AND FOR SELECTING THE NAME "INDEPENDENT PARTY" WAS TO ENABLE CANDIDATES TO RUN WITH THE BALLOT LABEL "INDEPENDENT"

Plaintiffs have unambiguously pled that their motivation for forming the political body and selecting the name "Independent Party" was "to make it possible for candidates who wish to be identified as 'independent candidates' to be able to run for office with the label, 'Independent.'" Complaint (Dkt. 1), Intro, ¶ 1. This motivation was confirmed by Charles Deemer, the State Chairman of Plaintiff Independent Party, in his declaration supporting Plaintiffs' motion for preliminary injunction. Deemer Decl. (Dkt. 6-2), ¶¶ 2, 3. As Plaintiffs pled, and as Mr. Deemer declared, candidates are no longer able to use the ballot label "Independent" after the passage of Proposition 14, and if the "Independent Party" is recognized as a political body and becomes ballot-qualified, then "candidates could register into it and if they ran, their ballot label would state, 'Party Preference: Independent.'" Complaint, Intro, ¶ 1; Deemer Decl., ¶ 4.

Apparently having now recognized the duplicity of this motivation, Plaintiffs now suggest that their motivations for choosing the name "Independent Party" are two-fold. First, Plaintiffs now assert that the name reflects their "values." Plaintiffs' Opposition to Motion for Judgment (Pls.' Opp.) (Dkt. 11) at 2-3. The Court should not consider this newly-stated motivation in deciding the motion as it was not pled in the Complaint and Plaintiffs cite no support for it. Plaintiffs now also assert that it chose the name to participate in a "tradition" of using the name "Independent Party" to assist certain candidates in getting on the ballot. *Id.* Plaintiffs cite as support a new declaration of Mr. Winger.[1] *See* Dkt. 11-1.

---

[1] Mr. Winger does not appear to be affiliated with Plaintiff Independent Party and it is unclear how he is able to provide the political body's motivation for organizing and for selecting its name.

1

As an initial matter, this Court cannot consider Mr. Winger's declaration in ruling on this motion. In a ruling on a motion for judgment, as for a Rule 12(b)(6) motion, a district court "may not consider any material beyond the pleadings." *See Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Exceptions to this rule are matters of public record to which the court may take judicial notice and documents submitted as part of the complaint. *Id.* at 688-89. Mr. Winger's declaration does not qualify for either exception. The Secretary objects to Mr. Winger's declaration and requests that it be stricken.

Even if Mr. Winger's declaration is considered by this Court, and Plaintiffs' newly-stated motivations are assumed to be true, the Court should still grant the Secretary's motion and dismiss the complaint because any slight burden that falls on Plaintiffs' asserted rights because they are unable to use the name "Independent Party" in their attempt to qualify as a political party is outweighed by the State's compelling interests in avoiding voter confusion and deception, preventing misrepresentation, and ensuring the efficiency, integrity, and fairness of the ballot.

## II. PLAINTIFFS SUFFER ONLY A SLIGHT BURDEN ON THEIR ASSERTED RIGHTS FROM THE SECRETARY'S DENIAL OF THEIR ATTEMPT TO IMPROPERLY USE THE "INDEPENDENT" DESIGNATION

Any burden on Plaintiffs' associational and equal protection rights is slight. Plaintiffs have utterly failed to show that being unable to use the name "Independent Party" in their attempt to qualify as a political party is a severe burden sufficient to even require the Secretary to demonstrate compelling state interests. Plaintiffs may choose any name that meets the requirement of Section 5001 in their attempt to qualify as a political party that is not likely to cause voter confusion, deception, or misrepresentation as the name "Independent Party" would. Plaintiffs do not dispute that they are able to organize and advance their political beliefs notwithstanding this slight burden. They do not dispute that they are still free to express their political views. They do not dispute that they may not use the ballot to promote their political message. They do not dispute that they may still support, endorse, vote for, or campaign on behalf of any candidate, including any candidate who may wish to run for office without declaring a preference for an existing qualified political party. They also do not dispute that they may even use a name that includes the word "independent" without running afoul of Section 5001.

2

Plaintiffs' asserted rights of speech, association, and voting rights are thus not severely burdened. *See* Defendant's Memorandum of Points and Authorities in Support of Motion for Judgment (Memo.) (Dkt. 9) at pp. 7-10.

Plaintiffs' Equal Protection claim should also be dismissed. Plaintiffs do not dispute that the Complaint fails to allege any invidious discrimination or that they belong to a suspect class. The State's compelling interests justify any slight burden on Plaintiffs' Equal Protection right.

Plaintiffs' reliance on *Anderson v. Celebrezze* for their argument that voters' interest in freedom of choice and association are more important than the State's interests is misplaced. Pls.' Opp. at 11. In *Anderson*, the Supreme Court struck down an Ohio law that required independent candidates to file their candidacy five months earlier than party nominees. *Anderson v. Celebrezze*, 460 U.S. 780 (1983). The court found that requiring independent candidates to file earlier than party nominees burdened the associational right of independent-minded voters because it limited their opportunity to associate and act on developments that might occur in the five months between the different filing deadlines. *Id.* at 790-92. The court's rationale in *Anderson* does not apply here for two reasons. First, Plaintiff Independent Party is a political body seeking to qualify as a political party. Its nominees, by definition, are not independent candidates. To the extent independent-minded voters in California wish to vote for independent presidential candidates, they are free to vote for candidates who qualify for the presidential general election by way of independent nomination. Second, in *Anderson*, the court found that the burden on the associational right of independent-minded voters was not outweighed by Ohio's interests because it found that those asserted interests had "no merit" and did not justify the burden. *See id.* at 796-805. In contrast, the State's asserted interests in this case are compelling and justify and outweigh the denial of Plaintiffs' the use of the name "Independent Party" in their attempt to qualify as a political party.

### III. STATE'S COMPELLING INTERESTS JUSTIFY THE SLIGHT BURDEN ON PLAINTIFFS' ASSERTED RIGHTS

Balanced against the slight burden placed on Plaintiffs' rights is the State's compelling interest in conducting a fair election in which the voters are not confronted by a misleading and

deceptive ballot.  The State's interests clearly outweighs any slight burden on Plaintiffs' asserted rights.  As an initial matter, Plaintiffs do not dispute that the State has a compelling interest in avoiding voter deception that would result if voters were misled to believe that candidates with the ballot label "Independent" were truly independent candidates rather than nominees of the "Independent Party."  *See* Memo. at 13.  This alone justifies and outweighs any burden on Plaintiffs' asserted rights.

Plaintiffs also do not dispute as legitimate, compelling, and weighty, the State's interest in avoiding voter confusion and misrepresentation resulting from a presidential nominee of the "Independent Party" and a presidential candidate who qualifies for the presidential general election by way of independent nomination both being labeled as "Independent" on the ballot.  Rather, Plaintiffs merely argue that the State could change the ballot label of presidential candidates who qualify for the presidential general election to be something other than "Independent."  Pls. Opp. at 7.  The State, however, need not alter or narrowly tailor its elections law when there is a less than severe burden on Plaintiffs' asserted rights.  *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) ("Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling interest.  Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions") (citation and internal quotation marks omitted).  The Constitution provides that States may prescribe "[t]he Times, Places and Manner of holding Elections for Senators and Representatives," and the Supreme Court has recognized that States retain the power to regulate their own elections.  *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (citation omitted).  "Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections" and  "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes."  *Id.* (citation omitted).  The State's elections law provides for the qualification of candidates through the independent nomination process and the appropriate label for those candidates.  *See* Cal. Elec. Code § 13105(c) (West 2015).  Here, Plaintiffs argument fails because they have neither alleged

4

nor demonstrated a severe burden on their asserted rights by the State's independent nomination process or the label that the State has chosen to place next to those candidates' names on the ballot.

As to the State's compelling interest in avoiding voter confusion and deception that would result because the name "Independent Party" is too similar to the name of the "American Independent Party," Plaintiffs argue that there is no confusion caused by two parties sharing use of the word "independent." Pls. Opp. at 7. As an initial matter, for this argument, Plaintiffs rely heavily on the allegations made in the declaration of Mr. Winger. However, as discussed above, Mr. Winger's declaration cannot be considered by the Court because it is "material[] beyond the pleadings." *See Lee*, 250 F.3d at 688. Plaintiffs' argument that relies on that declaration must be disregarded as well. Furthermore, Plaintiffs' argument is off-point because the Secretary does not contend that parties may not use the same word in their names. Indeed, the Secretary has permitted the use of the name "Independent California Party" by a political body that is currently attempting to qualify for the 2016 general election.

The State's asserted interests are compelling and outweigh any slight burden on Plaintiffs' asserted rights. Plaintiffs fail to show otherwise.

For all the reasons provided above and in the Secretary's motion and memorandum of points and authorities, each of Plaintiffs' causes of action should be dismissed.

Dated: April 25, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARC A. LeFORESTIER
Supervising Deputy Attorney General

/s/ Peter H. Chang

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Alex Padilla,
in his official capacity as Secretary of State*

SA2016101044
20845771.doc